Rafael Buscaglia, en su carácter de Tesorero de Puerto Rico, peticionario, v. Tribunal de Contribuciones de Puerto Rico, demandado; Antonio Ahumada Valdés, interventor.

Núm. 75.—*Sometido:* Marzo 4, 1946. *Resuelto:* Abril 30, 1946.

*Hon. Procurador General E. Campos del Toro* y *M. Toro Lucchetti,*
abogado éste de la División de Contribuciones y Litigios Especiales
del Departamento de Justicia, abogados del peticionario; *J. J.
Ortiz Alibrán,* abogado del interventor, querellante en el pleito
principal.

EL JUEZ ASOCIADO SEÑOR CÓRDOVA emitió la opinión del tribunal.

Un ciudadano americano domiciliado en Madrid, devengó
durante los años 1936 al 1940 ingresos procedentes de fuentes
en Puerto Rico, e ingresos procedentes de fuentes en España.
Declaró sus ingresos de fuentes locales, y pagó la contribución a base del tipo aplicable a residentes de Puerto Rico.
El tesorero posteriormente impuso deficiencias basadas en
(1) la inclusión de los ingresos procedentes de fuentes españolas (2) la aplicación a todos los ingresos del contribuyente
del tipo dispuesto por ley para los no residentes.

El contribuyente se querelló oportunamente ante el Tribunal de Contribuciones, impugnando tanto la inclusión de ingresos derivados fuera de Puerto Rico como la aplicación de
un tipo de contribución más alto que aquel que se aplica a residentes de Puerto Rico. Luego de haber el Tesorero contestado la querella, las partes acordaron someter el caso a base
de una estipulación que expuso los hechos a que ya nos hemos
referido, y sometió al Tribunal de Contribuciones las siguientes cuestiones de Derecho:

"(a) Si un ciudadano de Puerto Rico y de los Estados Unidos,
residiendo permanentemente en Madrid, España, está obligado a pagar
en Puerto Rico contribución sobre ingresos por sueldos y bonificaciones recibidas de la International Telegraph & Telephone Company,
por servicios prestados en España durante los años a que se refiere
la Querella y de acuerdo con la Ley entonces vigente. El quere-

llante sostiene que no está obligado a pagar y en cambio el querellado sostiene que siendo el querellante ciudadano de Puerto Rico y de los Estados Unidos de América, aun cuando resida en un país extranjero está obligado a pagar por los ingresos que recibe por servicios prestados en dicho país.

"(b) Y subsidiariamente, en el caso de que se resolviese que tales sueldos y compensaciones deben ser declarados por el querellante, si está éste sujeto al pago de una contribución sobre ingresos más alta de la que pagan los ciudadanos de Puerto Rico y de los Estados Unidos, residentes en Puerto Rico. El querellante sostiene que tal discrimen es contrario a la Sección dos de la Carta Orgánica de los Estados Unidos y al Artículo Cuarto de la Constitución Federal; por su parte, sostiene el querellado que de acuerdo con la Ley vigente en los años a que se refiere esta acción, el Tesorero está autorizado para imponer una contribución más alta.

"El querellante renuncia a todas las demás cuestiones de hecho y de derecho a que se refiere la Querella."

El Tribunal de Contribuciones dictó resolución determinando que el contribuyente no viene obligado a pagar contribución en Puerto Rico por sus ingresos procedentes de fuentes españolas, ya que no es residente de Puerto Rico. Añadió el Tribunal que "no es necesario discutir ni resolver la segunda cuestión suscitada por la querella de acuerdo con la estipulación de las partes".

Radicó entonces el Tesorero el cómputo de la contribución adeudada, o sea la contribución sobre ingresos procedentes de fuentes en Puerto Rico. Objetó el contribuyente el cómputo, llamando la atención del Tribunal al hecho de que el cómputo se basaba en la aplicación a los ingresos del contribuyente en Puerto Rico de un tipo de contribución más alto que el impuesto a los residentes de Puerto Rico.

El Tribunal de Contribuciones llegó a la conclusión de que, al someter las partes el caso mediante la estipulación, la intención de las partes fué plantear la cuestión de si la imposición al contribuyente de un tipo de contribución más alto que el que se aplica a los residentes de Puerto Rico constituían o no un discrimen injustificado, habiéndose equivocado las par-

tes al expresar que esa cuestión era subsidiaria a la otra planteada en el caso, equivocación que llevó al Tribunal a dejar de resolver la cuestión. Invocando el caso de *Fiddler* v. *Tribunal de Contribuciones,* 65 D.P.R. 202, en el que se permitió al contribuyente plantear por primera vez, al objetar el cómputo, una cuestión que no había planteado en su querella, resolvió el Tribunal recurrido que procedía considerar el alegado discrimen, lo consideró, y decidió que era improcedente aplicar al contribuyente un tipo más alto que el que se aplica a los residentes de Puerto Rico.

El Tesorero, en su solicitud de *certiorari,* alega que erró el Tribunal de Contribuciones al entrar a considerar la cuestión del alegado discrimen. No estamos de acuerdo. Es cierto que el contribuyente, en su estipulación, renunció a "todas las demás cuestiones de hecho y de derecho a que se refiere la Querella", excepto las dos cuestiones expresamente sometidas mediante la estipulación. Pero una de esas dos cuestiones era ". . . si está éste (el contribuyente) sujeto al pago de una contribución sobre ingresos más alta de la que pagan los ciudadanos de Puerto Rico y de los Estados Unidos, residentes en Puerto Rico." Es cierto que esa cuestión se sometió como subsidiaria a la otra, referente a la tributación de los ingresos procedentes de fuentes españolas. Pero es igualmente cierto que la cuestión de discrimen, tal y como se expone literalmente en la estipulación, no es necesariamente subsidiaria a la otra. Se trata por lo tanto de una estipulación ambigua, hasta cierto punto. No podemos decir que la interpretación que finalmente le dió el Tribunal de Contribuciones sea errónea. Más bien nos inclinamos a creer que el Tribunal de Contribuciones captó acertadamente la intención de las partes al concluir que el querellante nunca tuvo la intención de renunciar a la cuestión de discrimen planteada en su querella. Siendo ello así, y habiendo el Tribunal dejado de resolver esa cuestión en su resolución original, actuó co-

rrectamente al considerarla y resolverla cuando se le llamó oportunamente la atención, al radicarse el cómputo y antes de haberse aprobado éste.

El recurrente también arguye que erró el Tribunal de Contribuciones en el fondo de la cuestión, al resolver que no puede imponerse al contribuyente un tipo de contribución mayor que a los residentes de Puerto Rico. Pero ese punto ya lo hemos resuelto en contra de la contención del recurrente. *Fiddler* v. *Tribunal de Contribuciones*, 65 D.P.R. 202. El que el contribuyente en el caso de Fiddler residiera en Connecticut, y el contribuyente en el caso de autos en España, es una diferencia que carece por completo de pertinencia.

*Por los fundamentos expuestos, debe anularse el auto expedido.*